FRANK R. HATHAWAY, as Commissioner of Public Welfare of the City of Hudson, Respondent, *v.* EVA SMIGLIN and ANGELO FIORILLA, Appellants.

County Court, Trial Term, Columbia County, January 29, 1941.

*Michael LeSawyer*, for the appellants.

*Kenneth R. Garrison, Corporation Counsel*, for the respondent.

INMAN, J. Persons who actually abandon their wives or children without adequate support, or leave them in danger of becoming a burden upon the public, or who neglect to provide for them accord-

ing to their means, are disorderly persons. If a magistrate be satisfied that one is such a disorderly person he may require that the person give security by a written undertaking with one or more sureties to the effect that he will pay to the commissioner of public welfare weekly for the space of one year thereafter a reasonable sum of money to be specified by the magistrate for the support of his wife or children, or that the sureties will pay the sum mentioned in the undertaking and which must be fixed by the magistrate. Such undertaking is forfeited by the failure to make the weekly payments ordered by the magistrate. It may be prosecuted in the name of the commissioner of public welfare, and the sum collected must be paid over for the benefit of the person for whose support the bond was given. (Code Crim. Proc. §§ 899, 901, 904, 905.)

One William Richards was adjudged such a disorderly person by the City Court of the City of Hudson on August 17, 1939, and was ordered to furnish security, not in the form provided by statute, but conditioned "upon the support of his said wife and family according to his means" and "upon the promise that he shall not abandon his wife and family." The order of the court fixed neither the weekly sum to be paid nor the penalty of the bond. Thereafter each of the appellants executed a separate undertaking in the penal sum of $250 conditioned that "the said William Richards shall not abandon his wife and family under such conditions as are prescribed in subdivisions 1 and 2 of section 899 of the Code of Criminal Procedure of the State of New York, and shall support his said wife and family according to his means." Upon delivery of such undertaking Richards was discharged from custody.

Thereafter Richards contributed $70 to the support of his wife and children but failed to provide a home for them and eventually abandoned them. In the present action judgment has been entered against each of the appellants for $215, making a total of $430, arrived at by crediting each of the appellants with half of the sum of $70 paid by Richards.

It is clear that the appellants understood that they would be required to pay $250 each if Richards should abandon his family. The mistreatment and abandonment of his family by Richards has been well established, and one would prefer to enforce the undertakings which the appellants are morally bound to fulfill, but legal basis for their enforcement does not exist. Such undertakings may be forfeited only by the failure to make weekly payments ordered by the magistrate. No weekly payments have been ordered.

In *Severson* v. *Macomber* (153 App. Div. 482; affd., 212 N. Y. 274) the penalty of the undertaking was $400, but judgment was directed only for the aggregate of the weekly payments which were due and unpaid at the time the action was commenced.

The respondent relies chiefly upon the authority of *Bulkley* v. *Boyce* (48 Hun, 259), decided in 1883. In that case the undertaking was conditioned that the person would support his wife according to his means and indemnify the public against her becoming a public charge. The form of the bond then provided by statute was very different from that now in force. The statute then provided for a bond conditioned that a person would support his wife and children and would indemnify the public against their becoming a charge upon the public. Forfeiture was provided for neglect to provide for the wife and children according to the means of the disorderly person. The bond provided in the *Bulkley* v. *Boyce* case (*supra*) exactly complied with the statute then in force. The bond in the instant case does not comply with the statute now in force. The *Severson* v. *Macomber* case (*supra*) was decided upon the principle that the sureties would make any weekly payments which the principal failed to provide. The magistrate failed to specify the amount of the weekly payment, and the trial court and the appellate court are without power to specify the amount to be paid or to declare a forfeiture of the undertakings.

An order may be entered directing reversal of the judgment upon the law and the facts and dismissing the complaint.